*1271 OPINION.
Murdock:
The Commissioner has proceeded upon the erroneous theory that the petitioner’s basis for gain or loss upon the sale of the properties involved herein is fixed by section 204 (a) (8) of the Revenue Act of 1924 at the same basis which the properties had in the hands of the transferors. That section only applies where property is acquired in connection with a transaction described in section 203 (b) (4). One of the requirements of the latter provision is that immediately after the exchange the transferors must be in control of the corporation and each must have received an amount of stock substantially in proportion to his interest in the property prior to the exchange. Here the latter requirement was not met. The Chisholm group, in order to induce Wallace to come in with them and thus assure themselves that later his greater experience would help the corporation, agreed, after much discussion, to give him and his associate Ryburn equal interests with each of the mem *1272 bers of the Chisholm group. This was done despite the fact that the properties transferred to the corporation by Wallace and by Eyburn were much less valuable than the properties transferred by each member of the Chisholm group. Each took an interest in the corporation of 14.2 percent. Wallace’s interest in the properties was only 5.55 percent while that of each member of the Chisholm group was 17.72 percent. Consequently, the exception provided in section 203 (b) (4) does not apply, nor does the exception provided in section 204 (a) (8). Cf. Hillyer, Edwards, Fuller, Inc. v. United States, 52 Fed. (2d) 742. There is no contention that any other exception of section 204 (a) applies. Therefore the general rule of (a) applies and the petitioner’s basis is cost.
There is no dispute as to the cost. The corporation had no assets prior to the exchange. It paid for the properties in its stock. The cost of the properties was the value of the stock. The value of the stock is here measured by the stipulated value of the assets of the corporation. Swiss Oil Corporation, 32 B. T. A. 777.

Decision will be entered under Bule 50.